## Benjamin C. Hardwick v. Charles W. Richardson and another.

*Estates of deceased persons: Claims: Question of fact.* In an action against administrators for a claim against an estate, where commissioners on claims have been appointed and have reported, and their report, and the records and files of the probate office, have been destroyed by fire, the question whether the claim was allowed and reported by the commissioners is one of fact to be left to the jury; and where there is evidence that in a possible view of it favored the conclusion that the plaintiff's claim was so allowed and reported, it is error to direct a verdict for defendants without submitting this question to the jury.

*Heard January 8. Decided January 13.*

Error to Alpena Circuit.

*McDonell & Cobb*, for plaintiff in error.

*D. C. Holbrook*, for defendants in error.

GRAVES, CH. J.

This suit was brought by Hardwick against the defendants, who were formerly administrators of Joseph K. Miller, deceased, for the purpose of charging them with a debt he alleges was allowed to him against the estate by commissioners.

He contends, and it does not appear to be disputed, that he held a claim against the estate; that the defendants were administrators; that the assets were very largely in excess of all charges and demands against the estate; that payment of this demand was neglected and refused, and that defendants distributed the assets and obtained discharge from their trust as administrators.

The record discloses that three commissioners were appointed to pass on claims against the estate. They were George S. Lester, David Plough, and one Frank, or Frink. The latter died, but at what time, does not appear. According to the evidence in the case, a claim in the plaintiff's name, or in the name of others for his use, and in the same amount as that specified in the declaration, was placed before the commissioners for allowance. Mr. Plough, one of the commissioners, it would seem, became judge of probate before the estate was distributed. Some report seems to have been made to the probate court of the action of the commissioners, or of some of them, upon claims; but this report, with other records and files of the court, was destroyed by fire in December, 1870. The case returned here is extremely vague and unsatisfactory, but enough appears to warrant the opinion that the proceedings under the commission to adjust claims against the estate, and in the probate court, were conducted in an irregular way, and that the papers and records were illegally tampered with.

On the trial it became a disputed point whether the debt described in the declaration was allowed to the plaintiff and reported to the probate court by the commissioners,

and on account of the destruction of the files and records, this subject was only ascertainable by parol and circumstantial proof.

The evidence returned is loose and blind, and important dates are wanting in several instances. But I am inclined to think on a close inspection of it, that in a possible view it favored the conclusion that the plaintiff's debt was allowed and reported within the life of the commission. A question of fact was therefore raised to be settled by the jury. The court, however, refused to submit it, and directed a verdict for the defendants. In this, I am inclined to think there was error. Another trial may elicit explanations which will remove obscurities and present the litigation in a light more favorable to positive determination.

I think the judgment should be reversed, with costs, and a new trial ordered.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.